O

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTORY RENEWABLES, LLC, | CV 19-1661-RSWL-E |
| Plaintiff, | |
| v. | **ORDER re: Plaintiff's Motion to Dismiss** [59] |
| ENERGY TRADING CO., LLC, | |
| Defendant. | |

Plaintiff Victory Renewables, LLC ("Plaintiff") brings this Action against Defendant Energy Trading Company, LLC ("Defendant") for quantum meruit and breach of contract claims regarding a series of alleged nonpayments by Defendant. Before the Court is Plaintiff's Motion to Dismiss ("Motion") [59]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the

1

Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a Kansas limited liability company, whose principal place of business is located in Southlake, Texas. Compl. ¶ 2, ECF No. 1. Defendant is a Delaware limited liability company, whose principal place of business is located in Long Beach, California. Answer ¶ 2, ECF No. 15.

VicNRG, LLC ("VicNRG") was a leading marketing, distribution, and terminal operating company for biodiesel, a type of diesel fuel. Pl.'s Mot. to Dismiss ("Mot.") ¶¶ 2-3, ECF No. 59. On March 10, 2017, Plaintiff entered into an "Asset Purchase Agreement" with VicNRG, in which VicNRG sold its assets and liabilities to Plaintiff. Id. ¶ 5. As part of the Asset Purchase Agreement, Plaintiff and VicNRG also entered into a "Transition Services Agreement", in which VicNRG agreed to continue to operate part of the biodiesel business until Plaintiff could obtain various permits, licenses, and consents required to assume operations in full. Id. ¶¶ 6-7. During this transitional period, VicNRG entered into three sales agreements ("Sales Agreements") with Defendant for the delivery and purchase of biodiesel. Id. ¶ 9. Plaintiff avers that pursuant to the Sales Agreements, it delivered biodiesel to Defendant more than two hundred and forty times. Id. ¶ 12. Plaintiff brings

this Action arguing that Defendant has not paid, and has refused to pay, Plaintiff for the value of the biodiesel. Compl. ¶ 6.

**B.  Procedural Background**

Plaintiff filed the Complaint [1] in the United States District Court for the Northern District of Texas, Dallas Division, on February 23, 2018. On March 6, 2019, the Action was transferred to this Court [46]. Plaintiff filed the current Motion to Dismiss [59] on June 14, 2019. Defendant has not filed an opposition.

## II. DISCUSSION

**A.  Legal Standard**

A plaintiff may voluntarily dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Id.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a

3

defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (footnote and citations omitted). Legal prejudice is defined as "prejudice to some legal interest, some legal claim, [or] some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). Uncertainty because a dispute remains unresolved or uncertainty caused by the threat of future litigation does not constitute plain legal prejudice. Id. at 96-97.

**B. Discussion**

Central District of California Local Rule 7-9 requires an opposing party to file an opposition or statement of non-opposition to a motion "not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances . . . ." C.D. Cal. L.R. 7-9. "[F]ailure to file any required document . . . may be deemed consent to the granting or denial of the motion . . . ." C.D. Cal. L.R. 7-12; see Irvin v. Madrid, 749 F. App'x 546, 547 (9th Cir. 2019) (affirming dismissal on the basis of an unopposed motion pursuant to California Local Rule 7-12).

Here, the hearing on Plaintiff's Motion to Dismiss was scheduled for July 16, 2019. Defendant's Opposition or Statement of Non-opposition was therefore due by June 25, 2019. As of the date of this

memorandum, Defendant has not filed an opposition or any other papers to continue the hearing date. The Court deems Defendant's failure to file an opposition as consent to granting the Motion. Cf. Alipot v. Aurora Loan Servs., LLC, No. CV 09-08431 DDP (EX), 2010 WL 365975, at *1 (C.D. Cal. Jan. 25, 2010)("[T]he Court deems Plaintiff's failure to oppose consent to granting Defendant's Motion to Dismiss."). Moreover, Defendant has not filed a counterclaim in this Action, nor identified any legal prejudice it would suffer if the Action were dismissed. As such, the Court **GRANTS** Plaintiff's Motion.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Dismiss without prejudice.[1]

**IT IS SO ORDERED.**

DATED: August 20, 2019        s/ RONALD S.W. LEW

                                         **HONORABLE RONALD S.W. LEW**
                                         Senior U.S. District Judge

---

[1] Plaintiff's Proposed Order contains language indicating that the Court should dismiss the Action so "that Plaintiff may pursue its rights under the arbitration provision of the [Sales] [A]greements with the Defendant in Southlake, Texas." ECF No. 59-1. Neither the validity of the arbitration provision, nor a motion to compel arbitration, is before the Court. Thus, the Court declines to rule on whether Plaintiff may pursue its rights in arbitration with Defendant in Southlake, Texas.